EDWARD R. ARDINI, JR., JUDGE
Charles Baker ("Husband") and Kathleen Weaver-Baker ("Wife") agreed in their marital settlement and separation agreement ("separation agreement") that Wife would be entitled to twenty percent of the net proceeds of Husband's personal injury lawsuit pending at the time of the dissolution of their marriage. Approximately two years later, Husband sought a declaratory judgment in the Circuit Court of Cass County, Missouri, relating to the rights and obligations of the parties under the separation agreement to settlement proceeds he obtained from an equitable garnishment action filed to satisfy the final judgment in the personal injury lawsuit. The trial court granted Wife's motion for summary judgment, and Husband appeals. The judgment of the trial court is affirmed.
Factual and Procedural Background[1]
Husband was involved in a motor vehicle accident on July 8, 2011, during his marriage to Wife. On December 20, 2011, Husband filed in the Circuit Court of Jackson County, Missouri, a Petition for Damages against the driver of the other vehicle. A judgment in favor of Husband in the amount of $1,318,918.25 plus post-judgment interest was entered on December 19, 2013. On March 18, 2014, the personal injury defendant's insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), made a payment of $112,300.00 to Husband in partial satisfaction of the judgment.
On August 6, 2014, Husband filed a Petition for Equitable Garnishment against the defendant in the original personal injury action and State Farm. The petition alleged that State Farm failed and refused to pay all sums due on the final judgment under its policy with the personal injury defendant. Husband requested in the equitable garnishment "a money judgment directly against Defendant State Farm and to order State Farm to pay to Plaintiff, in partial satisfaction of [the judgment in the original personal injury lawsuit] all insurance coverages and benefits owed under [the] State Farm policy ..." On June 7, 2015, Husband reached a settlement with State Farm for $1,000,000.00. Under the terms of the settlement, Husband released State Farm from any and all claims arising from the July 8, 2011, motor vehicle accident and filed a satisfaction of judgment in the original personal injury action.[2]
*127 On January 11, 2013, during the pendency of the personal injury lawsuit, Husband filed a Petition for Dissolution of Marriage in the Circuit Court of Cass County, Missouri. Husband and Wife thereafter entered into a separation agreement, which was incorporated into the judgment of dissolution entered on June 4, 2013. The separation agreement addressed "Husband's Personal Injury Settlement Proceeds" and entitled Wife to receive twenty percent of the net proceeds from Husband's pending personal injury lawsuit. Although Wife received twenty percent of the net proceeds of the initial payment made by State Farm in partial satisfaction of the personal injury judgment, she received no part of the settlement obtained by Husband through the equitable garnishment proceeding.
Husband later filed a Petition for Declaratory Judgment in the Circuit Court of Cass County, Missouri, seeking a declaration of the rights and obligations of Husband and Wife under the separation agreement relating to the $1,000,000.00 settlement he received from State Farm through the equitable garnishment action. Husband alleged that these settlement funds arose from a proceeding independent from the underlying personal injury lawsuit and thus that the allocation provision in the separation agreement was inapplicable. He further argued that the $1,000,000.00 settlement was nonmarital property belonging to Husband to which Wife had no claim. Wife moved for summary judgment, alleging that the equitable garnishment action was brought to satisfy the judgment in the personal injury lawsuit and that, pursuant to the parties' separation agreement, she was entitled to twenty percent of the net proceeds from State Farm's second payment to Husband.
In granting Wife's motion for summary judgment, the trial court concluded:
[T]he parties intended for the recovery of money resulting from the personal injuries sustained by [Husband] in the collision with [the personal injury defendant] to be divided pursuant to the Marital Settlement and Separation Agreement incorporated in the Judgment Entry in the dissolution matter[.]
[T]he proceeds of the settlement for equitable garnishment in case 14JO-CV00228 constitutes the recovery of money resulting from the personal injuries sustained by [Husband] in the collision with [the personal injury defendant] and [ ] such proceeds are subject to the Marital Settlement and Separation Agreement incorporated in the Judgment Entry[.]
[Wife] is entitled to twenty percent (20%) of the [Husband's] recovery in the settlement of case 14JO-CV00228, namely, the amount of $200,000.00 less the [Wife's] proportionate share of [Husband's] contracted attorney fees.
Husband appeals.
Standard of Review
"Appellate review of summary judgment is de novo. " Roberts , 391 S.W.3d at 437 (citation omitted). The moving party must demonstrate that, "on the basis of facts as to which there is no genuine dispute," he or she is entitled "to judgment as a matter of law." Id. (citation omitted). "A summary judgment ... can be affirmed on appeal by any appropriate theory supported by the record." Id. (citation omitted).
*128 Discussion
Husband alleges in his sole point on appeal that the trial court erred in granting Wife's Motion for Summary Judgment because Wife failed to establish as a matter of law that she was entitled, under the parties' separation agreement, to a division of the proceeds from Husband's settlement of the equitable garnishment suit. Husband maintains that the settlement of the equitable garnishment action is distinct from the personal injury lawsuit referenced in the separation agreement, making the provision in the separation agreement irrelevant, and further asserts that the settlement proceeds of the equitable garnishment action constitute his nonmarital property to which Wife has no claim. Because a determination that the separation agreement governs the division of the settlement proceeds from the equitable garnishment action would obviate the need to analyze whether those funds were marital or nonmarital property, we will begin by examining the relevance and application of the separation agreement provision.
A separation agreement incorporated into a judgment of dissolution will be enforced as written unless it is unconscionable. See § 452.325[3] (requiring circuit courts to honor and enforce parties' written agreements regarding property division unless it finds that the agreement is unconscionable); Moore v. Moore , 484 S.W.3d 386, 390 (Mo. App. W.D. 2016) ("It was not error for the trial court to incorporate the parties' settlement agreement into the Dissolution Decree, and the Dissolution Decree was enforceable as written." (citation omitted) ). Here, the parties' separation agreement was incorporated into the judgment of dissolution. Relevant to the issues raised in this appeal, the separation agreement included a provision regarding "Husband's Personal Injury Settlement Proceeds" under the "Division of Marital Property:"
Husband's Personal Injury Settlement Proceeds
1. HUSBAND and WIFE agree HUSBAND suffered a personal injury which resulted in a lawsuit in which HUSBAND made claims. HUSBAND further agrees he was represented by Andrew Gelbach on this personal injury matter. HUSBAND and WIFE further agree the net proceeds from the lawsuit after deduction of attorn[ ]ney's fees are currently unknown. HUSBAND and WIFE have agreed to the following division of said proceeds that will be paid unto WIFE within 30 days of any:
*WIFE shall receive twenty percent (20%) of the settlement amount of HUSBAND's recovery.
*HUSBAND shall receive eighty percent (80%) of the settlement amount of his recovery.
The terms of a separation agreement such as this will be "construed according to the principles governing contract interpretation." Roberts v. Roberts , 432 S.W.3d 789, 795 (Mo. App. W.D. 2014)
The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention. Where the parties have expressed their final and complete agreement in writing and there is no ambiguity in the contract, the intent of the parties must be determined solely from the four corners of the contract itself.
Id. (citation omitted). The terms must also be viewed as a whole and not in isolation. Id.
The parties' separation agreement specifically entitled Wife to twenty percent of the net proceeds of Husband's recovery *129 from his personal injury lawsuit.[4] Pursuant to this provision, Wife received twenty percent of the initial payment made to Husband by State Farm in partial satisfaction of the personal injury judgment. The parties' dispute on appeal centers on whether the $1,000,000.00 settlement from the equitable garnishment action are "proceeds from the [personal injury] lawsuit" and accordingly is also subject to division pursuant to the separation agreement.
Understanding the nature of an equitable garnishment action is critical to resolving this dispute. "An equitable garnishment action is a legal proceeding, authorized by section 379.200 [ ], to reach insurance money in satisfaction of a judgment." Kretsinger Real Estate Co. v. Amerisure Ins. Co. , 498 S.W.3d 506, 510 (Mo. App. W.D. 2016) (citation omitted). Section 379.200 provides:
Upon the recovery of a final judgment against any person ... by any person ... for loss or damage on account of bodily injury ... the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company ... and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.
Thus, "[t]he underlying judgment is binding on the insurer by way of the doctrine of collateral estoppel." Kretsinger Real Estate Co. , 498 S.W.3d at 510 (citation omitted).
Husband obtained a final judgment against the personal injury defendant and therefore was entitled to have his judgment satisfied by the personal injury defendant's insurer, State Farm, in accordance with the terms of the policy. Because the personal injury judgment was not satisfied within thirty days, Husband proceeded in equity against the personal injury defendant and State Farm to "reach and apply the insurance money to the satisfaction of the [personal injury] judgment." See § 379.200. Husband's petition in the equitable garnishment action alleged that a total money judgment had been entered in his favor in the amount of $1,318,918.25 and that State Farm had not paid him all that was covered by the personal injury defendant's auto policy. The equitable garnishment action was the means by which Husband collected and enforced the personal injury judgment; thus, the funds received in settlement of the equitable garnishment action are proceeds of the personal injury suit. See Kemp v. MFA Mut. Ins. Co. , 468 S.W.2d 700, 701 (Mo. App. 1971) ("The action is to enforce and collect a judgment ... which [the judgment creditor] obtained against [the insured] because of personal injuries suffered by [the judgment creditor] when she was involved in a collision between an automobile ... driven by [the insured], upon which [the insurer] had issued its liability insurance policy."). This conclusion is buttressed by terms of the settlement agreement that required Husband *130 to release State Farm from any and all claims based on the July 8, 2011, motor vehicle accident and to file a satisfaction of judgment in the original personal injury case. Moreover, absent the personal injury judgment that had not been satisfied, Husband would not have had an equitable garnishment claim against the personal injury defendant and State Farm.
Because the $1,000,000.00 settlement of the equitable garnishment suit constituted a recovery from Husband's personal injury lawsuit, Wife is entitled to twenty percent of the net proceeds from that settlement as contemplated under the parties' separation agreement.[5] The trial court did not err in granting Wife's motion for summary judgment, and Husband's sole point on appeal is denied.
Conclusion
The judgment of the trial court is affirmed.
All concur.

"The record is viewed in the light most favorable to the party against whom judgment was entered." Roberts v. BJC Health System , 391 S.W.3d 433, 437 (Mo. banc 2013) (citation omitted).

The personal injury judgment was entered in the amount of $1,318,918.25 plus post-judgment interest. The first payment Husband received was in the amount of $112,300.00, and the second payment that Husband received was in the amount of $1,000,000. An additional $206,618.25 plus post-judgment interest would have been required to fully satisfy the judgment if Husband had not agreed to accept less in full satisfaction through his settlement in the equitable garnishment case.

All statutory citations are to the Revised Statutes of Missouri 2016, as supplemented.

This general proposition does not appear to be a point of contention between the parties. Husband admitted in response to Wife's Statement of Uncontroverted Facts that "Plaintiff and Defendant agreed to a division of the proceeds of the litigation pending at the time due to Plaintiff's July 8, 2011[,] automobile accident. (Case 13CA-CV00084)." (emphasis added). Further, at the summary judgment hearing, Husband's attorney argued that the parties agreed Wife "would get [twenty] percent of the net proceeds of the then[-]existing personal injury action." (emphasis added).

Husband exerts considerable effort arguing that we should resolve this case by applying Missouri's "analytical" approach used to determine whether an award from a personal injury claim arising from an injury that occurred during marriage is marital or nonmarital property and claims that, under that analysis, the settlement of the equitable garnishment suit is his nonmarital property. See, e.g. , Mistler v. Mistler , 816 S.W.2d 241, 246-53 (Mo. App. S.D. 1991) (explaining that, pursuant to the "analytical" approach, an award is classified as marital or nonmarital according to what it intends to replace). Husband ignores, however, that the dissolution judgment incorporated the separation agreement of the parties. "[P]arties may agree to a property division which awards one spouse a share of the other spouse's nonmarital property." See Moore , 484 S.W.3d at 390 (citations omitted). Thus, the parties' separation agreement controls, and the issue of whether the personal injury award is marital or nonmarital property would be relevant only if it was determined the parties' separation agreement did not apply to the settlement of the equitable garnishment action. See id. (holding that it was not error for the trial court to enforce the separation agreement awarding Wife nonmarital property of Husband as written). Our conclusion that the separation agreement governs the division of funds at issue in this appeal renders irrelevant Husband's argument that these funds are nonmarital property.